FILED - GR
March 4, 2016 1:45 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns   SCANNED BY: ns / 3/4/16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT ALLEN HAVEMAN,            **FELONY INFORMATION**

    Defendant.
_____/

1:16-cr-38
Robert Holmes Bell
U.S. District Judge

The United States Attorney charges:

**COUNT 1**
(Wire Fraud)

Beginning no later than in or about January 1999, and continuing to in or about March 2015, in Ottawa County, in the Southern Division of the Western District of Michigan, and elsewhere,

ROBERT ALLEN HAVEMAN

knowingly devised a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, and transmitted and caused to be transmitted certain writings, signs, signals, and sounds by means of wire communication in interstate commerce for the purpose of executing the scheme and artifice.

1. At all times relevant to this Felony Information, Defendant was President of EDP Management Company, LLC ("EDP") in Holland, Michigan. As President of EDP, Defendant primarily managed private equity investments for Elsa D. Prince-Broekhuizen and the Elsa D. Prince Living Trust.

2. Beginning no later than in or about January 1999, Defendant knowingly devised a

scheme and artifice to defraud and to obtain money belonging to Elsa D. Prince-Broekhuizen and the Elsa D. Prince Living Trust. It was part of Defendant's scheme and artifice to defraud that:

    a. Defendant transferred money belonging to Elsa D. Prince-Broekhuizen and the Elsa D. Prince Living Trust to his personal bank account at Huntington National Bank, which Defendant used for his personal expenses and personal investment activities;

    b. Defendant transferred money belonging to Elsa D. Prince-Broekhuizen and the Elsa D. Prince Living Trust to bank accounts held in the name of private limited liability companies, which Defendant used for his personal investment activities;

    c. Defendant transferred money belonging to Elsa D. Prince-Broekhuizen and the Elsa D. Prince Living Trust to bank accounts held by third parties, which those third parties used for their own personal expenses; and

    d. Defendant conducted financial transactions, including the purchase of stocks and private company debt instruments that were titled in his name, using money belonging to Elsa D. Prince-Broekhuizen and the Elsa D. Prince Living Trust.

3. It was further part of Defendant's scheme and artifice to defraud that he took steps to avoid detection and maintain his scheme to defraud:

    a. Defendant caused false entries to be made in the books and records of EDP to disguise his theft of money belonging to Elsa D. Prince-Broekhuizen and the Elsa D. Prince Living Trust;

    b. Defendant made material misrepresentations to Elsa D. Prince-Broekhuizen, other employees of EDP, and members of the investment committee that reviewed Defendant's investment activities; and

c. Defendant concealed material facts from Elsa D. Prince-Broekhuizen, other employees of EDP, and members of the investment committee that reviewed Defendant's investment activities.

4. For the purpose of executing the scheme and artifice to defraud, Defendant transmitted and caused to be transmitted certain writings, signs, signals, and sounds by means of wire communication in interstate commerce. Specifically, and by way of example, on or about April 25, 2014, Haveman caused Ballard Petroleum Holdings, LLC, a private energy company headquartered in Billings, Montana, to transmit $506,000 from an account at Wells Fargo Bank to Defendant's personal bank account at Huntington National Bank using an Automated Clearing House ("ACH") electronic payment.

**18 U.S.C. § 1343**

## COUNT 2
(Money Laundering)

Between on or about December 6, 2011, and December 7, 2011, in Ottawa County, in the Southern Division of the Western District of Michigan, and elsewhere,

ROBERT ALLEN HAVEMAN

knowingly engaged in a monetary transaction, in and affecting interstate commerce, in criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity. Specifically, while engaged in the scheme and artifice to defraud described in Count 1 of this Felony Information and incorporated herein by reference, on or about December 6, 2011, Defendant transferred $1,000,000 from an account held in the name of Elsa D. Prince in trust for Elsa D. Prince Living Trust at Huntington National Bank, a financial institution, to an account at Huntington National Bank held in the name of Environmental Packaging Tech Inc. Also on or about December 6, 2011, Haveman transferred $1,000,000 from the Environmental Packaging Tech Inc. account to his personal bank account held in the name of Robert A. Haveman and Nancy L. Haveman at Huntington National Bank. On or about December 7, 2011, Defendant withdrew $1,000,000 from his account at Huntington National Bank on check number 4996 and thereby made a partial payment on a land contract to purchase a vacant parcel of land at 0 Olive Shore Avenue, Port Sheldon Township, Michigan (tax parcel 70-11-09-300-050).

**18 U.S.C. § 1957**

## FORFEITURE ALLEGATION
## (Wire Fraud)

The allegations contained in Count 1 of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of wire fraud in violation of 18 U.S.C. § 1343 as set forth above, the defendant,

**ROBERT ALLEN HAVEMAN,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violation. The property to be forfeited includes the following:

1. MONEY JUDGMENT: A sum of money equal to approximately $16,240,000, which represents the proceeds the defendant obtained from the offense charged in Count 1.

2. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to

21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**18 U.S.C. § 981(a)(1)(C)**
**28 U.S.C. § 2461(c)**
**21 U.S.C. § 853(p)**
**18 U.S.C. § 1343**

Dated: March 4, 2016

PATRICK A. MILES, JR.
United States Attorney

_____
CHRISTOPHER M. O'CONNOR
Assistant United States Attorney